U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 3 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-397-A |
| | § | |
| STATE FARM LLOYDS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by plaintiff, John Martin, by the filing of his petition in the District Court of Tarrant County, Texas, 153rd Judicial District, on April 22, 2015. He named as defendants State Farm Lloyds ("State Farm"), John Kurek ("Kurek"), and Jon DiCesare ("DiCesare").

Plaintiff alleged in his petition that State Farm provided insurance coverage on his property in Azle, Texas, when the property was damaged by a hail and wind storm occurring on October 26, 2013, that State Farm has failed to pay plaintiff the benefits to which he says he is entitled under the policy by reason of the damage to his property, and that Kurek and DiCesare were claims adjusters who were assigned by State Farm to adjust plaintiff's property damage claim. Plaintiff alleged various theories of recovery against State Farm and the claims adjusters.

On May 22, 2015, State Farm removed the action to this court based on diversity jurisdiction. The notice of removal contained allegations establishing diversity of citizenship and the requisite amount in controversy as to plaintiff's claims against State Farm. In the notice of removal State Farm acknowledged that plaintiff is a citizen of the State of Texas and that DiCesare likewise is a citizen of the State of Texas, with the result that complete diversity of citizenship would not exist if DiCesare was properly joined as a defendant. State Farm pleaded that DiCesare was improperly and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

Plaintiff has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if DiCesare was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined.

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular

tactic.[1]  After a study of plaintiff's state court pleading, and a review of the applicable legal authorities, the court has concluded, for essentially the same reasons given in the cases cited in the footnote below why the claims adjusters were improperly joined in those cases, that plaintiff named DiCesare as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction.  The court has concluded that none of the claims asserted against DiCesare would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that his citizenship should be disregarded in determining whether diversity jurisdiction exists.  And, the court has concluded, for the same reason, that the claims against DiCesare should be dismissed.

---

[1] Within the last few months the court has been required to make rulings in twelve other cases in which this tactic was employed, more often than not by the same law firm (which is the same firm involved in the captioned case).  See, e.g., Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912, at *1 (N.D. Tex. May 12, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 at *1 (N.D. Tex. May 12, 2015); Cano v. Allstate Texas Lloyds, No. 4:15-CV-096-A, 2015 U.S. Dist. LEXIS 63477, at *1 (N.D. Tex. May 14, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Arriaga v. State Farm Lloyds, No. 4:15-CV-308-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Hershon v. State Farm Lloyds, No. 4:15-CV-312-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Mitchell v. State Farm Lloyds, No. 4:15-CV-181-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015);  Moore v. State Farm Lloyds, No. 4:15-CV-239-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015).

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against DiCesare be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED June 23, 2015.

_____
JOHN McBRYDE
United States District Judge